**Charles E. KEYES, Claimant–Appellant,**

v.

**Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2008–7108.

United States Court of Appeals, Federal Circuit.

Dec. 17, 2009.

Hugh D. Cox Jr., for Claimant–Appellant.

Before MICHEL, Chief Judge,
SCHALL and LINN, Circuit Judges.

*ORDER*

SCHALL, Circuit Judge.

The Secretary of Veterans Affairs responds to the court's November 5, 2008 order and moves to dismiss Charles E. Keyes' appeal.

The briefing schedule in this appeal was stayed pending this court's disposition of *Vazquez–Flores v. Shinseki,* and *Schultz v. Shinseki,*. In the present case, the United States Court of Appeals for Veterans Claims affirmed the Board of Veterans' Appeals decision that the Department of Veterans Affairs provided Keyes with sufficient notice under the Veteran Claims Assistance Act of 2000 in denying Keyes an initial disability rating.

In his brief appeal, Keyes relies on the Court of Appeals for Veterans Claims' de-

164

cision in *Vazquez–Flores v. Peake*, 22 Vet. App. 37 (2008). In that decision, the Court of Appeals for Veterans Claims held that when a veteran seeks an increased disability rating, the Department of Veterans Affairs must provide the veteran with specific notice of the relevant rating criteria for every diagnostic code potentially applicable to the veteran and must also consider the effect the veteran's worsened disability has on his or her daily life in making its determination. On September 4, 2009, this court reversed the Court of Appeals for Veterans Claims and held that a veteran need not be provided with specific notice and that "daily life" evidence need not be required for proper claim adjudication. *Vazquez–Flores v. Shinseki*, 580 F.3d 1270, 1281 (Fed.Cir.2009).

Because the only issue over which we would have jurisdiction is clearly resolved by our recent decision in *Vazquez–Flores*, summary affirmance of the Court of Appeals for Veterans Claims' judgment is appropriate. *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.1994) (summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists").

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to dismiss is denied.

(2) The judgment of the Court of Appeals for Veterans Claims is summarily affirmed.

(3) Each side shall bear its own costs.